UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
FEB 25 2013
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BRANDON QUINCY THOMPSON, | \* | CIV. 12-4133 |
| Movant, | \* | |
| | \* | ORDER |
| -vs- | \* | |
| | \* | Motion to Reargue (Doc. 36) |
| UNITED STATES OF AMERICA, | \* | Motion for Reconsideration (Doc. 37) |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On July 13, 2012, Petitioner, Brandon Quincy Thompson ("Thompson") filed a *pro se* Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government was originally ordered to file a response on or before September 27, 2012. Thereafter, Thompson filed a Supplement (Doc. 15) and two Documents entitled "Amended Motion" (Docs. 19 and 25). In its Order dated October 24, (Doc. 28) however, the Court indicated Docs. 15, 19 and 25 would not be considered by the Court because Thompson failed to follow Fed. R. Civ. P. 15 regarding the filing of amended and supplemental pleadings.

Thereafter, and pursuant to its request for an extension of time, the Government on November 14, 2012, filed its Response (Doc. 30) to Thompson's initial Motion. Pending are Thompson's Motion to Reargue (Doc. 36) and Motion for Reconsideration (Doc. 37), both of which implore the Court to allow the additional arguments contained in his Supplement and Amended Motions. For the reasons explained below, Thompson's Motions will be GRANTED in part and DENIED in part.

## DISCUSSION

To the extent not inconsistent with the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure apply. Fed. R. Civ. P. 15 governs amendment of pleadings. It provides in relevant part:

**Rule 15. Amended and Supplemental Pleadings**

**(a) Amendments Before Trial.**

(1) *Amending as a Matter of Course.* A party may amend its pleadings once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

(3) *Time To Respond.* Unless the Court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

Thompson correctly notes that Rule 15(a) requires leave to amend should be freely granted when "justice so requires." Because Thompson has, pursuant to Rule 15(a), now requested leave of Court to file his Supplement and Amended Motions, the Court will consider whether justice requires that Thompson be allowed to Amend his initial Motion to Vacate.

"Although it is well settled that leave to amend should be freely given when justice so requires, permission to amend may be withheld if the plaintiff does not have at least colorable grounds for relief . . ." *Williams v. Little Rock Municipal Water Works*, 21 F.3d 218, 224 (8th Cir. 1994) (punctuation altered, citations omitted). Further, " [I]f the proposed change . . . advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend . . .Good reason to deny leave to amend exists if the amendment would be futile." *Id.* at 225 (citations omitted).

### 1. First Amended Motion (Doc. 19)

It is unclear whether Thompson intended his second Amended Motion to Vacate (Doc. 25) to supersede his initial Motion (Doc. 1) and his first Amended Motion (Doc. 19).[1] A review of the First Amended Motion (Doc. 19) and the Second Amended Motion (Doc. 25), however, reveal they are quite similar. Because they are practically identical, the Court will discuss the Grounds for Relief contained in Doc. 19 only as they are distinct from the Grounds contained in Doc. 25 and will otherwise direct its attention to the Grounds as they are articulated in Doc. 25.

The only grounds contained in the First Amended Motion (Doc. 19) which are not contained in either the initial Motion (Doc. 1) or the Second Amended Motion (Doc. 25) are those grounds in Doc. 19 which are listed in that document as Grounds One and Two. Justice does not require that Thompson be allowed to proceed with these claims. Thompson's proposed Ground One in the First Amended Motion (Doc. 19) asserts his trial counsel was ineffective for failing to more thoroughly investigate the credibility of claims made by one of the alleged victims in his case (KZ). Specifically, Thompson alleges his trial counsel should have insisted that a DNA test be performed upon KZ's infant child to determine paternity.[2] Thompson pled guilty to two charges contained in the Second Superseding Indictment: Count 12 (Sex Trafficking of a Child–Victim #9) and Count 19 (Solicitation to Murder a Federal Witness). The victim in Count 12 was not KZ.[3] The credibility of KZ regarding the paternity of her child, therefore, had no bearing on Thompson's decision to plead guilty to Count 12. Thompson will not be allowed to proceed with this claim. Allowing Thompson's proposed Amendment to add this claim, therefore, would be futile.

The next unique claim contained in the First Amended Motion (Doc. 19) is found in proposed Ground Two. In this proposed Ground, Thompson alleges that one of his trial co-counsel was

---

[1]Doc. 15, docketed as a Supplement, consists solely of documentary evidence (copies of medical records) submitted to support claims contained in the initial Motion to Vacate.

[2]KZ testified at the sentencing hearing that Thompson is the father of her infant child.

[3]The subject victim in Count 12 was a minor whose initials were CS. *See* Sentencing Hearing Transcript, *United States v. Thompson*, CR 09-40129, Doc. 138, p. 71.

3

ineffective because he accepted a piece of Thompson's jewelry either to send to an acquaintance of Thompson's or as payment for legal services rendered. This claim is frivolous. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) provides the framework to evaluate an ineffective assistance of counsel claim. Under *Strickland*, to obtain relief the movant must show his counsel's performance was both deficient and prejudicial. "That is, the movant must show his lawyer's performance fell below the minimum standards of professional competence . . . and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently." *Hamberg v. United States*, 675 F.3d 1170, 1172 (8th Cir. 2012) (punctuation altered, citations omitted). Even assuming the claim is true, Thompson has not articulated how the manner of payment affected the quality of services rendered by his legal counsel.

All other claims contained in the First Amended Motion (Doc. 19) are also contained in the Initial (Doc.1) or Second Amended Motion (Doc. 25). The Court will therefore turn to the Second Amended Motion for further analysis of claims which Thompson will be allowed to add.

### 2.  Second Amended Motion (Doc. 25)

Grounds One, Two and Three as stated in the Second Amended Motion (Doc. 25) are already stated in the original Motion to Vacate (Doc. 1). Grounds Four and Five articulate ineffective assistance of counsel claims which are based upon Thompson's claim that he was not competent to enter a guilty plea, and that his counsel should have further investigated Thompson's pre-plea mental competency and/or moved for a competency evaluation. The substance of claims have likewise already been made in Thompson's initial Motion (Doc. 1). Because they are essentially duplicative of grounds which have already been raised in his initial Motion, Thompson will not be allowed to re-state these same claims in his Second Amended Motion.

4

Grounds Six, Seven, Eight, Eleven,[4] Twelve and Fourteen in the Second Amended Motion articulate ineffective assistance claims which are not contained in the initial Motion. Ground Six is based on Thompson's claim that trial counsel failed to adequately review evidence with him. Ground Seven is based on Thompson's claim that trial counsel failed to submit a sentencing memorandum. Ground Eight is based on Thompson's claim that trial counsel failed to attend the pre-sentence investigation report interview and failed to adequately respond to the allegations in the pre-sentence report. Ground Eleven is based upon Thompson's claim that trial counsel failed to contact and interview witnesses. Ground Twelve is based on Thompson's claim that trial counsel failed to object to Judge Schreier's alleged bias during the sentencing hearing. Ground Fourteen is based upon Thompson's claim that trial counsel failed to spend adequate time with him to explain his option to go to trial rather than plead guilty. At this stage of the proceedings, it cannot be determined that the ineffective assistance claims contained in Grounds Six, Seven, Eight, Eleven, and Fourteen of the Second Amended Motion are not at least colorable or that they are legally insufficient on their face. Ground Twelve will not be allowed to proceed for the reason explained below pertaining to Ground Thirteen. Thompson will be granted leave to amend to add Grounds Six, Seven, Eight and Eleven, and Fourteen as articulated in his Second Amended Motion (Doc. 25).

Next, Ground Thirteen in the Second Amended Motion articulates a claim based upon the alleged bias of Judge Schreier. Thompson alleges Judge Schreier was biased against him, based upon statements she made during the sentencing hearing of Thompson's co-defendant, Megan Hayes. Allowing Thompson to amend his Motion to add this Ground would be futile for a couple of reasons. First, "judicial remarks during the course of a trial that are critical or disapproving . . . ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Second, it is well settled that "[c]ollateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." *United Sates v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995). A collateral attack pursuant to § 2255 is not interchangeable or substitutable for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). In other words, a petitioner is usually precluded from asserting claims in a § 2255 motion that he

---

[4]Neither the initial Motion, the First Amended Motion nor the Second Amended Motion contain Grounds numbered Nine or Ten.

5

should have raised on direct appeal. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousely v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (citations omitted). The Eighth Circuit has specifically held that a claim of judicial bias is the type of claim which should be made on direct appeal, not in a § 2255 Motion. *See Denoyer v. United States*, 33 F.3d 57 (8th Cir. 1994) (unpublished).[5] For these reasons, Thompson will not be allowed to amend his Motion to Vacate to add Grounds Twelve or Thirteen as articulated in the Second Amended Motion.

## CONCLUSION and ORDER

For the reasons more fully explained above, it is **ORDERED**:

(1) Thompson's Motion to Reargue (Doc. 36) and Motion for Reconsideration (Doc. 37) are **GRANTED** as to Grounds Grounds Six, Seven, Eight, Eleven, and Fourteen which are articulated in Thompson's Second Amended Motion to Vacate (Doc. 25). The Motions are otherwise **DENIED**.

(2) The Government shall, on or before Friday, April 19, 2013 file its Response to Grounds Grounds Six, Seven, Eight, Eleven, and Fourteen which are articulated in Thompson's Second Amended Motion to Vacate (Doc. 25).

(3) Thompson shall, on or before Friday, May 17, 2013, file his Reply to the Government's Response to Grounds Grounds Six, Seven, Eight, Eleven, and Fourteen which are articulated in Thompson's Second Amended Motion to Vacate (Doc. 25).

Dated this 25 day of February, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

---

[5] Citation of unpublished opinions is governed by Eighth Circuit Rule Court of Appeals Local Rule 32.1A. *Denoyer* was decided before January 1, 2007 and is cited here because of its persuasive value, and because no other Eighth Circuit authority has been found regarding a judicial bias claim brought for the first time in a § 2255 motion.