UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 24 2013

CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| BRANDON QUINCY THOMPSON, | * | CIV 12-4133 |
| Movant, | * | |
| | * | MEMORANDUM OPINION AND |
| vs. | * | ORDER RE: ATTORNEY-CLIENT |
| | * | PRIVILEGE WAIVER |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

The Government has requested an Order Directing Former Defense Counsel to Respond to Defendant's Claims of Ineffective Assistance set forth in the Movant's Motion under 28 U.S.C. § 2255. The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. *See Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in Movant's Motion under 28 U.S.C. § 2255 and the amendments which have been allowed thereto ("the amended Motion") by the Court's Order

dated February 25, 2013 (Doc. 39) this Court has determined that the Government cannot respond to the allegations of ineffective assistance of counsel without Attorneys Mark Meierhenry and/or Bill Blewett responding by affidavit to the specific allegations in the amended Motion concerning their representation of Movant. If Movant opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his amended Motion under 28 U.S.C. § 2255, the ineffective assistance allegations will be stricken from Movant's amended Motion under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. That the Government's Motion (Doc. 41) is GRANTED.

2. That the Clerk shall send this Order and the attached Attorney-Client Privilege Waiver form to Movant;

3. That if the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 30 days, the allegations of ineffective assistance of counsel will be stricken from Movant's amended Motion under 28 U.S.C. § 2255;

4. That if the Attorney-Client Privilege Waiver form is signed and filed, the Government shall forward a copy of the signed Attorney-Client Privilege Waiver form to Attorneys Mark Meierhenry and Bill Blewett, along with a copy of this Order, Movant's § 2255 Motion, Doc. 25, which contains the allowed amendments, and Doc. 39, the Court's Order which specifies which claims from Doc. 25 have been allowed. Attorneys Meierhenry and Blewett shall within 10 days of receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific allegations in the amended § 2255 Motion concerning their representation of Movant.

5. The United States shall file its response within 14 days after receiving the last affidavit.

Dated this 24 day of April, 2013.

BY THE COURT:

John B. Simko
United States Magistrate Judge